UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| ROY, | : |
| | : |
| Plaintiff, | : Civil Action No. 07-5082 (PGS) |
| | : |
| v. | : **REPORT AND RECOMMENDATION** |
| | : |
| BRAHMBHATT, ET AL. | : |
| | : |
| Defendants. | : |
| _____ | : |

**SALAS, UNITED STATES MAGISTRATE JUDGE:**

Before this Court are Defendants Kamlesh Brahmbhatt, Sonal Brahmbhatt, and Diamond Hospitality Corporation's (collectively "Defendants") motion to dismiss this action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). The Hon. Peter G. Sheridan referred the motion to this Court for a Report and Recommendation. For the reasons set forth below, this Court holds that Defendants have waived their jurisdictional argument. Accordingly, the Court respectfully recommends that the motion to dismiss be *denied*.

## I. BACKGROUND

In April 1998, Plaintiff Vijay N. Roy ("Roy"), a New Jersey resident, Bimal Brahmbhatt and KB, a Virginia resident, formed DHC to purchase and run a Holiday Inn hotel. DHC is a Virginia corporation with its principal place of business in Virginia. The Holiday Inn purchased by DHC is located in Suffolk, Virginia. In order to finance the purchase of the hotel, DHC took out a loan that was personally guaranteed by each owner. Prior to the closing on the hotel, Roy

1

recommended that Kumar manage the hotel because of his experience in hotel management. The owners agreed. In addition, Kumar purchased shares of DHC from KB which was paid via a note given by Rekha to KB.

In September 2004, DHC refinanced its existing loan in order to purchase the shares of Roy and Kumar's stock. Bimal Brahmbhatt also sold his stock to DHC. As a result of the sales, KB became sole owner of all outstanding DHC stock. On September 20, 2007, DHC sold the hotel. The net proceeds of the sale were placed in an escrow account as these funds are subject to the current matter.

On October 23, 2007, Roy filed a nine count complaint against the Defendants alleging: breach of fiduciary duty; fraud; tortious interference with contractual rights and gross negligence; conspiracy and tortious interference with prospective economic advantage; state RICO; federal RICO; common law fraud; accounting malpractice; and legal malpractice. By way of answer on January 14, 2008, the Defendants filed a Third-Party Complaint against other defendants. On October 24, 2008, this Court filed a Report and Recommendation dismissing the Third-Party Complaint. On November 26, 2008, Judge Sheridan adopted this Court's opinion.

In the meantime, on October 29, 2008, the instant motion to dismiss was filed.

## II. DISCUSSION

Plaintiff argues that Defendants have waived their personal jurisdiction argument. This Court agrees. Plaintiff failed to preserve their personal jurisdiction argument in two ways: first, they answered the complaint instead of initially filing a motion under Fed. R. Civ. P. 12(b)(2),

and second (and indeed, more fatal), they failed to preserve the defense in their answer.  Under Fed. R. Civ. P. 12(h) and the caselaw, the argument is waived.  That Rule provides that

> A party waives any defense listed in Rule 12(b)(2)-(5) by:
>
> (B) failing to either:
>
> . . .
>
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) in a matter of course

Rule 12(h) "advises a litigant to exercise great diligence in challenging personal jurisdiction . . . [and this defense must be raised] at the time the first significant defensive move is made – whether by way of a Rule 12 motion or in a responsive pleading." *Rates Technology v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (Fed. Cir.), *cert. denied*, 545 U.S. 1141 (2005) (quoting Wright & Miller, Federal Practice and Procedure § 1391 (3d ed. 2004)).  Other circuits that have also addressed the issue have uniformly held that the defense of lack of personal jurisdiction is waived if not raised in a responsive pleading.  *Taubman v. Webfeats*, 319 F.3d 770, 773 (6th Cir. 2003) ("a challenge to personal jurisdiction must be raised in the first responsive pleading or be waived"); *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 68 (1st Cir. 2003) (Selya, J.) ("a defense based on personal jurisdiction will be deemed waived if not made by a party's first-filed motion or included in her initial responsive pleading").

Extraordinary circumstances may sometimes justify an exception to this rule.  *Id.* at 68.  There are none here.  Defendants filed their answer over a year ago on January 14, 2008.  Notably, Defendants chose to raise the affirmative defenses of failure to state a claim and improper venue.  No personal jurisdiction defense was raised until the instant motion was filed

3

on October 29, 2008.  Even more damning to the Defendants' argument is that the now dismissed Third-Party Defendants in this case filed their motion to dismiss for lack of personal jurisdiction on March 3, 2008.  Relaxation of the Rule, in this Court's discretion, is not warranted here where Defendants waited seven months to file this motion after they were clearly on notice in March that jurisdiction over them may not be proper based on some of the Third-Party Defendants' arguments, and ultimately accepted by this Court and Judge Sheridan.  Unlike subject matter jurisdiction which is purely jurisdictional in the sense that the parties may raise it at any time (and even if the parties do not raise it, the Court may raise it *sua sponte*, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006)), personal jurisdiction is an individual right rooted in due process and may be waived.  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).  Such is the case here.

### III.  CONCLUSION

For the foregoing reasons, this Court recommends to Judge Sheridan that Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) be denied.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**